NO. 23C187

FILED FOR RECORD
CASS COUNTY, TEXAS

2023 JUN -9 AM 8:06

JAMIE ALBERTSON
DISTRICT CLERK

BY_____DEPUTY

| | | |
|---|---|---|
| SHAMIKA MOORE | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | NO. _____ |
| | § | |
| GRAPHIC PACKAGING INTERNATIONAL, LLC. | § | |
| **Defendant.** | § | CASS COUNTY, TEXAS |

## PLAINTIFF' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME Plaintiff, Shamika Moore, hereinafter called "Plaintiff" or "Moore complaining of Graphic Packaging International LLC. hereinafter called "Defendant" and would respectfully show this Honorable Court and jury the following:

### DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

Plaintiff, Shamika Moore, is an Individual whose address is 103 Hampton Dr. Atlanta, Texas 75551.

Defendant, Graphic Packaging International LLC., is a foreign Limited Liability Company authorized to do business in Cass County and the State of Texas. Defendant is an employer as defined by Texas Labor Code Section 21.002. Defendant may be served with process by serving its registered agent, Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin Texas 78701.

### JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court. Per Rule 47, the amount sought by Plaintiff is more than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorneys' fees. Further, Plaintiff brings this suit pursuant to Chapter 21 of the Texas Labor Code and equitable principles.

Venue in Cass County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and



EXHIBIT

A

Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county. Plaintiff was employed by Defendant in Queen City, Cass County, Texas and all acts complained of occurred in or reached in Queen City, Cass County, Texas.

All conditions precedent to jurisdiction have occurred or have been met.

A charge of employment discrimination on the basis of disability was filed on or about _____ with the Equal Employment Opportunity Commission ("EEOC") within 180 and 300 days of the commission of the unlawful practices in this Complaint.

The EEOC notification of right to sue was mailed on March__2023.

This Complaint has been filed within 90 days of the receipt of the EEOC's notification of right to sue.

The Plaintiff, having exhausted all administrative remedies, now files her lawsuit against the Defendants for discrimination based on disability.

### FACTS

___See Attachments

### PLAINTIFF'S CLAIM OF DISCRIMINATION

On or about January 2020 the Defendant. informed Plaintiff that she was unable to perform the physical demands of her job and was told by Human Resources at the Texarkana Mill that based on the significant safety nature of her job

duties the Company wanted to make sure that Plaintiff was able to safely perform her job duties and had sufficient medical information regarding her job requirements to make that determination. However, Plaintiff has never formally stated or has ever been recorded saying or written that due to her physical limitations that this was so. It was decided by the Defendant to send plaintiff home without having any definitive evidence from a physician supporting that claim. Moreover, on or about March 2021 the Defendant, provided accommodations for Charles "Wes" Neff in a similar or identical situation in the Warehouse workplace without being sent home after indicating to Operators, (FLLs) Front Line Leaders, Warehouse Managers, coworker's numerous times about his physical condition and pain, that he could not perform the job demands of being a Process Tender and making job reassignment requests for a lengthy period. With full knowledge of the above-mentioned regarding the plaintiff. The Defendant fully knowing the potential safety and discriminatory risk pertaining to the Defendant's own policies accommodated Charles "Wes" Neff without being medically cleared and or evaluated for duty as the company did plaintiff.

## DAMAGES FOR PLAINTIFF

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer physical damages, and to incur the following damages:

A.    Physical pain and suffering in the past;

B.    Physical pain and suffering in the future;

C.    Humiliation.

D.    Physical impairment which, in all reasonable probability, will be suffered in the future;

E.    Loss of earnings in the past; and

F.    Loss of earning capacity which will, in all probability, be incurred in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Shamika Moore, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; together with

pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity .

Respectfully submitted,

Shamika Moore
Pro Se
Address:


Email: nyasia87.SA14@gmail.com
Tel. 430-342-2548

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
(980) 296-1250
Website: _.yss.ya_ gz._

## CONCILIATION FAILURE AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/22/2023

**To:** Mrs. Shamika N. Moore
103 Hampton Dr.
ATLANTA, TX 75551
Charge No: 450-2021-05955

EEOC Representative and email:    HATTIE MURPHY
Investigator
hattie.murphy@eeoc.gov

### CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 450-2021-05955.

On behalf of the Commission,

*Arlene M. Glover*                                    *for*

ELIZABETH RADER
District Director

cc:
E. Jewelle Johnson, Attorney
GRAPHIC PACKAGING INTERNATIONAL, LLC
1500 Riveredge Pkwy Ste 100
Atlanta, GA 30328


Please retain this notice for your records.



Case 5:23-cv-00103-RG-JBB Document 1-1 Filed 07/07/23 Page 7 of 41 PageID #:
58

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Charlotte District Office

129 West Trade Street, Suite 400
Charlotte, NC 28202
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Direct Dial: (980) 296-1250
FAX (704) 954-6410
Website: www.eeoc.gov

EEOC Number: 450-2021-05955

Shamika N. Moore                    Charging Party
704 Howard Street
Queen City, TX 75572

Graphic Packaging International          Respondent
Attn: E. Jewelle Johnson
Vice President, Assistant General Counsel
1500 Riveredge Pkwy, Suite 100
Atlanta, GA 30328
Jewelle.Johnson@graphicpkg.com

## DETERMINATION

I issue the following determination on the merits of this charge filed under Title I of the Americans
with Disabilities Act of 1990, as amended, ("ADA") and Title VII of the Civil Rights Act of 1964,
as amended, 42 U.S.C. §2000e, et seq. ("Title VII"). Respondent is an employer with the meaning
of the ADA and Title VII. Timeliness and all other requirements for coverage have been met.

Charging Party alleges Respondent violated the ADA when it denied a reasonable accommodation
of her disability in violation of the ADA. Charging Party further alleges that Respondent violated
Title VII when it subjected her to disparate treatment based on her race, African American.

Respondent denies the allegations.

The evidence supports Charging Party's allegations and does not support Respondent's defenses.

The evidence obtained during investigation shows that Respondent hired Charging Party on May
1, 2018 in Texarkana, Texas, where she remains employed as a Process Tender. In or around
January 2020, Respondent denied Charging Party a reasonable accommodation of a disability and
suspended Charging Party without pay until she was able to provide medical clearance to return to
work without restrictions. The evidence also showed that non-African American employees were
treated more favorably than Charging Party, and not suspended pending a return to work without
restrictions. Based on the foregoing, there is reasonable cause to conclude Respondent violated
the ADA and Title VII with respect to Charging Party's allegations.

EEOC Number: 450-2021-05955C
Determination
Page 2

The evidence discovered during the investigation also found that since at least January 2020 and continuing through the present, Respondent has maintained a policy and/or practice which requires qualified individuals with disabilities to be 100% healed before being allowed to return to work from medical leave. Respondent's policies and practices operate to deny qualified individuals with disabilities reasonable accommodations. Therefore, there is reasonable cause to conclude that Respondent's policies and practices violated the ADA.

Upon finding there is reasonable cause to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. **If you wish to participate in conciliation, please email** hattie.murphy@eeoc.gov **within five (5) days from the date of this Determination.** The confidentiality provisions of Sections 706 and 709 of Title VII, Section 107 of the ADA, and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

Digitally signed by Arlene Glover
DN: cn=Arlene Glover, o=U. S. Equal
Employment Opportunity Commission,
ou=Charlotte District Office,
email=arlene.glover@eeoc.gov, c=US
Date: 2023.02.06 17:40:10 -05'00'     *for*

February 6, 2023
_____
Date

_____
Carmen M. Whaling, Acting District Director

2

VIA EEOC PORTAL
US EEOC
Dallas District Office
207 S. Houston Street
3rd Floor
Dallas, Texas 75202

      Re:    Shamika Moore v. Graphic Packaging International, LLC
             EEOC Charge No. 450-2021-05955

Dear Investigator:

      In this letter to response to the company there has been many findings. The claim of discrimination I have against this company is very valid.


      Here is a little background about me. I am a 34-year-old married woman that work for the company Graphic Packaging International for the last almost 4 years. I have been involved in different things with this company, the union that we have in place there is the United Steelworker International Union (USW). They have many rules that the company has agreed on to which some are followed, and many are circumvented. Example some of these jobs require fall protection and we are not privy to all the proper tools we need to perform jobs, such as the Lamb Header job there is platform ladder that is about 7 foot tall, and we must climb and or step up and down this ladder carrying heads to load the headmaster for the roll sealing process. We have always been trained that we must maintain 3 points of contact per GPI Policies which there is no way possible to maintain 3 points of contact in which case fall protection is required. This matter has been discussed with many levels of management including Safety Coordinator Charlie Carr and Training Coordinator Bryan Loper and Shaun Watson Superintendent of the Warehouse. There are also SOPs in place for this job and fall protection is not incorporated in Lamb header SOP or any other job in the warehouse that require use of a platform ladder over heights of 4 feet or more making the jobs a safety hazard.

      The policy that GPI has in place is the Equal Employment Opportunity policy. There is an 1-800 number that we can call when there are allegations of wrong doings and or concerns at the company and or Mill. To be honest I have tried that route and there was no change. When filing any type of complaint with the company there is going to be retaliation. If my husband brings up any matter involving safety or bargaining unit matters, I receive the backlash on of whatever is being reported. I spoke with my union representative about the matter, and the only thing I was told is that the management in the warehouse said it's not true. When it comes to

suppressing misdeeds in the warehouse, Union Vice President of the warehouse Derous Byers cooperates with Warehouse Management to help keep all claims of wrongdoing within the warehouse. When you want to get a non-Warehouse union representative to help you with your concerns and or defense it's frowned upon by Warehouse management and Derous Byers although it's your union right to do so.

I myself filed a grievance on Double Standards Rules, on the discriminatory practices within the warehouse. Such as them breaking the rules for certain employees that still goes on till this day. (Exhibit 1)

On July 1, 2019, until August 22,2019 I was out on leave, I had major surgery the name of the surgery was a nephrectomy. I had my right kidney removed and, they had to remove a rib to get to that kidney. So yes, there will be some discomfort as to muscles and tendons and or nerves were cut, so therefore when you're dealing with everything healing there is some pain here and there. The job always got done. I was released to come back to work no restrictions but told there will be pain that's normal that means your healing. The pain and numbness are part of the healing process. I had two different trainers Robert "Bob" Frey and Jaroyce McCasland both of which bragged on how good I was doing on the job. Approximately five months later or about January 23, 2020, I signed off on the job the Lamb Header after passing the assessment panel. About thirty minutes after my assessment panel, I was taken to Human Resources, to where I found out that I had supposedly told my supervisor that I couldn't do my job. I then told Stephanie Weathers and the others that I didn't say I couldn't do my job never not once said those words. I was sent home to get paperwork filled out by my doctor got it done, and still got the run around. (Exhibit 2) Paperwork I received from the company when I was sent home.

The company also stated that I was allowed to wear the back brace that the doctor approved for my protection, that's not true at all. The company also stated that I wasn't allowed to work my regular schedule January 24-30 to give my time to requisite documentation completed and submitted by my physician. When my doctor done my paperwork, the company wouldn't let me come back to work with restrictions, to which my doctor stated that the back brace was for my protection and was to be used as needed. I was off work from January 23 till February 14th when I was finally released by the company doctor. The company states I didn't suffer any adverse action, yes, I did because the doctor said the brace was as needed, I wasn't allowed to return to work with it.

(Exhibit 3) Communication from the doctors and Human Resources dating January 23- February 1.

I had my husband former Warehouse union steward Jeffery Moore to reach out to the former Human Resource Generalist OJ Johnson. He was in the meeting when Vanessa Schoen informed me that I was not allowed to wear the back brace. The back brace that was supposedly put in place for my protection of a healing scar

and to assist in lifting and would protect the company as well. (Exhibit 4) Communication with HR.

On or about March 18, 2021on A shift (Days), Charles "Wes" Neff reported to A Shift Frontline Leader Greg Lang he was struggling to climb the two step and platform ladder on the Lamb Header and or couldn't perform his job duties as required. Greg Lang and Charles "Wes" Neff then proceeded to go upstairs and talk to Former Warehouse Superintendent Troy Ashmore about his concerns, Troy Ashmore then instructed Greg Lang to move Charles to another job which was a loader job he switched jobs with Alan Fonteneux. Mr. Neff wasn't immediately sent home thru HR. Former warehouse union steward Jeffery Moore spoke to Union V.P of the warehouse Derous Byers about this matter, which whom they both as well Troy Ashmore had prior knowledge of me being sent home thru Human Resources, Derous stated "he also wanted to know why Troy Ashmore didn't instruct Greg Lang to send him home thru HR like Warehouse management did me?" I then wrote out a grievance I communicated with my union representative Chris Lyles and Jackie Boyce about the matter and sent in my findings. I was informed by my Union representative Chris Lyles that after my grievance was denied that I might need to take the next step which was the EEOC. (Exhibit 5)

So therefore, the discrimination occurred when I was sent home and denied use of a back brace and lost wages while Mr. Neff was allowed to stay at work on or about the date and or dates in question and be placed on different job assignments without seeking and immediate medical evaluation and lost no wages since his hire date at GPI until on or about the date he went out for surgeries. When I filed the grievance one of the things that Human Resources Manager Mr. David Duford requested was to have Charles "Wes" Neff work the job to prove whether he could or couldn't do the job. When it came out what was requested Charles "Wes" Neff got off from work went home and fell over his dog then he went out for surgery on both hips. (Exhibit 6) His X-ray picture of his hip he himself posted online via Facebook on 05/22/2021 with GPI's Training Coordinator Bryan Loper commenting about his lengthy pain due to his well-known physical condition. Charles "Wes" Neff didn't need to request accommodations from Human Resources because the Warehouse Lead Team and Supervisors were already accommodating him by not have him work certain jobs due to his physical limitations without a medical evaluation, until I brought my claims of discrimination to Human Resource attention at which point, he then stated that he didn't need accommodations thus going out for surgery only after Human Resources made its request of him to perform the job and an seek and official Medical evaluation of his ability to do so.

In Conclusion, the company has proven my point in the discrimination of me a black female. The warehouse is where I'm assigned at to this day, and management still under value minority people within the department. When we as black employees speak up or bring something to management attention it's like we don't

know what we're talking about. Its very sad when employees fear retaliation in warehouse department it helps control the narrative of not speaking up and or maintaining the status quo. The company and or Human resources are unaware of what transpires in the Warehouse department. The claims that I have made are in good faith and have merit as well as evidence supporting them, the actions and or inactions of a few has led myself and the company to this juncture. My claims are valid and should be summarily pursued.

In Good Faith,

Shamika Moore

Attachment: (Exhibits 1-6)



Exhibit 3



## MEDICAL INFORMATION REQUEST AND VERIFICATION FORM
### FOR REQUESTS FOR REASONABLE ACCOMMODATIONS DUE TO DISABILITY

*PART I: (To Be Completed by Human Resources and/or Manager prior to submission to healthcare provider)* Please return the Medical Information Request and Verification Form to Graphic Packaging International, Inc., addressed as follow:

| | |
|---|---|
| Attention: | Don Janvrin |
| Address: | 9978 FM Road 3129 |
| | Queen City, TX 75572 |
| Fax: | 770-240-6348 |

Questions may be directed to the Company at (telephone number): 903-796-1487

**Essential Job Functions:** Attached is a job analysis form indicating the essential functions of the below-referenced employee's job (e.g., walking, pushing, kneeling, answering phones, reading, observing, reasoning, etc.) and percent/frequency (i.e. duration, amount of time, whether it is continuous, etc.).

*PART II: (To Be Completed by Employee)*

Please sign the Release of Information Statement below and have your medical provider complete and send this form to Graphic Packaging International, Inc. ("GPI") at the address that appears above in Section I.

| Employee's Name: Shimka Allen | Medical Provider's Name: |
|---|---|
| Home Address: 704 Harrel St Queen City T 75572 | Medical Provider's Address: |

I authorize the release of the information requested on this Medical Information Request Form and any other relevant medical records to GPI, as well as its medical, ADA and/or vocational representatives for the purpose of evaluating my ability to perform the essential functions of my position and evaluate my potential need for a job accommodation. I further authorize GPI, as well as its medical, ADA and/or vocational representatives to contact my healthcare provider to discuss the nature and extent of my condition for which I am seeking an accommodation necessary to perform the essential functions of my job. In compliance with the Genetic Information Nondiscrimination Act of 2008 (GINA), I am asking that you not provide any genetic information when responding to this request, including family medical history, any genetic services I received, or genetic information of a fetus or embryo carried by me or my family members. This release and authorization will expire one year from the date below. I understand that I may revoke this release and authorization by sending a written notice of revocation to the healthcare provider identified above. I understand that any information provided prior to the effective date of a revocation will not be subject to the revocation and that any information provided pursuant to this release and authorization may no longer be protected under federal law. I understand that I am entitled to receive a paper copy of this Authorization upon request.

_____          2-03-2020
Signature of Employee                                                    Date

3/22/2021

Graphic Packaging International sought the medical opinion of employee 3487. Employee 3487 holds the position of Process Tender in the Warehouse Department here at the Texarkana Mill. On January 23, 2020, employee 3487 indicated to A Shift warehouse management (FLL, Managers) she had some pain and was promptly referred to Human Resources and sent home thru Human Resources to be medically cleared before returning to work.

Based on the significant safety nature of her job duties the Company wanted to make sure that employee 3487 was able to safely perform her job duties and had sufficient medical information regarding her job requirements to make that determination.

On or about March 18, 2021 employee 3566 indicated to A Shift warehouse management (FLL, Managers) he could not perform the physical demands of his job PT (Process Tender) #4 Lamb Header and was simply told to the (FLL)Front Line Leader to move employee 3566 to another warehouse PT (Process Tender) job by Warehouse Management (Managers) with knowledge of him possibly endangering himself and or others for the duration of the rest of shift(s).

Employee 3566 has indicated to operators, (FLL) Front Line Leaders, coworkers numerous times about his physical condition and pain, that he can not perform the job demands of being a Process Tender for over a lengthy period of time has been allowed to continue to work without similar action as mentioned above from Warehouse Management (FLL, Managers) knowing the potential safety and discriminatory risks per Graphic Package International policies.

In good faith,

Employee 3349


**Graphic Packaging**
INTERNATIONAL

**PART III: (To Be Completed by Medical Provider)**
The employee indicated above recently requested an accommodation in the workplace under the provisions of the Americans with Disabilities Act ("ADA"). To evaluate whether an accommodation is warranted under the ADA, please fully complete all sections of this form and attach additional information as necessary. Please return the form as soon as possible, but at the latest by February 6th, 2020. Please note that the Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information on an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. 'Genetic Information' as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services. Thank you for your assistance.

| Name of Medical Provider | Title |
|---|---|
| Ernest Cuny | MD |
| Certification or License #: NPI: 1770015422 | Phone #: 318-221-8411 |
| Business Address: 510 E. Stoner Ave Shreveport, LA 7401 | Fax #: 318-990-4726 |
| Date of Last Visit: 1/24/20 | |

**Does the employee have a physical or mental impairment that limits his or her ability to perform any of the essential functions of his or her job as set forth in the attachments?**

No, she has no Impairment

**Does the impairment limit the employee's ability to do any of the following (check all that apply):**

Walk___   See___   Speak___   Hear___   Stand___   Sit___   Lift___   Learn___   Bend___   Breathe___

Climb___   Twist___   Kneel/Crawl___   Push___   Grip___   Pull___   Carry___   Reach___

Perform Manual Tasks___   Care for him or herself___   Other___

**How does the impairment limit the employee's ability to perform the activities checked above:**

It does not limit her. She is able to lift as heavy as she wants (~100lbs)

**Is the impairment temporary___ or ___permanent? (check one)**   Not applicable, no impairment

**If the impairment is temporary, what is the expected duration of the impairment?**

N/A

**Describe whether medication and/or corrective measures have been prescribed and what, if any, side effects likely from the prescribed medication.**

She may wear back brace for support whenever sh... She is not limited and has no lifting restrictions



**PART III:** *(To Be Completed by Medical Provider)*

The employee indicated above recently requested an accommodation in the workplace under the provisions of the Americans with Disabilities Act ("ADA"). To evaluate whether an accommodation is warranted under the ADA, please fully complete all sections of this form and attach additional information as necessary. Please return the form as soon as possible, but at the latest by February 6th, 2020. Please note that the Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. 'Genetic information' as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services. Thank you for your assistance.

| | |
|---|---|
| **Name of Medical Provider** *Maria Mary* | **Title** *MD / MPT* |
| **Certification or License #:** *P 97 x+* | **Phone #** *57. 77 7 2714* |
| **Business Address** *VA clinic* *the Pentair seconds temping PA* | **Fax #** *405 456 7651* |
| **Date of Last Visit** *1/20/20* | |
| **Does the employee have a physical or mental impairment that limits his or her ability to perform any of the essential functions of his or her job as set forth in the attachments?** *yes — She is being sent home with brim brace to help with performing duties* | |
| **Does the impairment limit the employee's ability to do any of the following (check all that apply):** Walk____ See____ Speak____ Hear____ Stand____ Sit____ Lift____ Learn____ Bend____ Breathe____ Climb____ Twist____ Kneel/Crawl____ Push____ Grip____ Pull____ Carry____ Reach____ Perform Manual Tasks____ Care for him or herself____ Other_____ **How does the impairment limit the employee's ability to perform the activities checked above:** | |
| **Is the impairment temporary** ✓ **or ____ permanent? (check one)** | |
| **If the impairment is temporary, what is the expected duration of the impairment?** *6 mon thy* | |
| **Describe whether medication and/or corrective measures have been prescribed and what, if any, side effects are likely from the prescribed medication.** 1) Neck brace 2) Pain medication — uses medications as needed and at bed time 3) Has completed Physical ~~Therapy~~ Therapy | |

**Exhibit 4**



Packaging

INTERNATIONAL

9978 FM Road 3129
Queen City, TX 75572
Telephone: (903)796-1487
Fax: (770) 240-6348
Donald.janvrin@graphicpkg.com

February 6th, 2020

Graphic Packaging International seeks your medical opinion of Shamika Allen. Ms. Allen holds the position of Production Apprentice in the Warehouse Department at the Graphic Packaging Texarkana Mill. Ms. Allen has been employed with Graphic Packaging since May 1st, 2018. On January 23, 2020, Ms. Allen indicated she is unable to perform the physical demands of her job.

Based on the significant safety nature of her job, we want to make sure that Ms. Allen is able to safely perform her job duties and that you had sufficient information regarding his job requirements to make this determination. Based on your recent treatment of Ms. Allen, **please let us know, in your medical opinion, whether she can safely perform the essential functions of her job as described, with or without a reasonable accommodation, and without endangering herself or others. Further, what, if any, restrictions she may have that may affect her ability to perform the essential functions of her job, how long these restrictions may last and what, if any, accommodations may be needed to allow Ms. Allen to be able to safely perform the essential functions of her job.** Please limit the information and opinion provided to job-related functional limitations, capabilities and accommodations.

Attached is a Questionnaire for your use in providing your opinion and recommendations. It includes a signed Authorization for Release of Medical Information.

We request you provide the responsive information to me as soon as possible, but not later than February 6th, 2020. My email and fax information can be found above. If you have any questions or need more information, please do not hesitate to call me at 903-796-1487or email me. Thank you for your assistance in this matter.

Sincerely,

Don Janvrin
Human Resources Supervisor

Enclosures

**Job Analysis Form**

| | | | |
|---|---|---|---|
| Job Title: | Production Apprentice | Date Prepared: | 1/23/2020 |
| Facility: | Texarkana Mill | Job Category: (Circle one) | Hourly Exempt Nonexempt |
| Business Group: | Warehouse | Prepared by | Don Janvrin |

SHIFT:  ☐ 10 Hour  ☐ 8 Hour  ☒ 12 Hour  ☐ Rotating Shift Work  ☐ Other (Clarify): _____

| | Occasionally 1-3 hours | Frequently 3-5 hours | Continuously 5 or more hours | Rarely/ Never |
|---|:---:|:---:|:---:|:---:|
| A. Sitting | ☒ | ☐ | ☐ | ☐ |
| B. Standing | ☒ | ☐ | ☐ | ☐ |
| C. Walking | ☒ | ☐ | ☐ | ☐ |
| D. Lifting: | | | | |
| Sedentary – up to 10 lbs | ☒ | ☐ | ☐ | ☐ |
| Light - 10 - 20 lbs | ☒ | ☐ | ☐ | ☐ |
| Medium - 20 – 50 lbs | ☒ | ☐ | ☐ | ☐ |
| Heavy - 50 – 100 lbs | ☐ | ☐ | ☐ | ☒ |
| Very Heavy - 100+ lbs | ☐ | ☐ | ☐ | ☒ |
| E. Carrying: | | | | |
| Sedentary - 0 - 10 lbs | ☒ | ☐ | ☐ | ☐ |
| Light - 10 – 20 lbs | ☒ | ☐ | ☐ | ☐ |
| Medium - 20 – 50 lbs | ☒ | ☐ | ☐ | ☐ |
| Heavy - 50- 100 lbs | ☐ | ☐ | ☐ | ☒ |
| F. Pushing | ☐ | ☒ | ☐ | ☐ |
| G. Pulling | ☐ | ☒ | ☐ | ☐ |
| H. Twisting | ☐ | ☒ | ☐ | ☐ |
| I. Climbing: | | | | |
| Ladders | ☐ | ☐ | ☐ | ☐ |

| | | | |
|---|---|---|---|
| Stairs...................................................... | ☒ | ☐ | ☐ | ☐ |
| J. Balancing.............................................. | ☒ | ☐ | ☐ | ☐ |
| K. Stooping............................................... | ☐ | ☒ | ☐ | ☐ |
| L. Kneeling............................................... | ☐ | ☒ | ☐ | ☐ |
| M. Crawling.............................................. | ☐ | ☐ | ☐ | ☒ |
| N. Reaching.............................................. | ☐ | ☐ | ☒ | ☐ |
| O. Grasping.............................................. | ☐ | ☐ | ☒ | ☐ |
| P. Repetitive Hand Movements | ☐ | ☐ | ☒ | ☐ |

**Defined as twisting, grasping, typing more than 5 times per minute.**

| | | | | |
|---|---|---|---|---|
| Q. Extended Reach..................................... | ☐ | ☐ | ☒ | ☐ |

**Defined as extension of arm to the point of unbent elbows.**

| | | | | |
|---|---|---|---|---|
| R. Computer Viewing ................................. | ☐ | ☐ | ☒ | ☐ |
| S. Vibrating Tools....................................... | ☐ | ☐ | ☐ | ☒ |
| T. Hearing................................................. | ☐ | ☐ | ☒ | ☐ |
| U. Inside Work............................................ | ☐ | ☐ | ☒ | ☐ |
| V. Outside Work......................................... | ☐ | ☐ | ☐ | ☒ |
| W. Heat exposure....................................... | ☐ | ☐ | ☒ | ☐ |
| X. Cold Exposure........................................ | ☒ | ☐ | ☐ | ☐ |
| Y. Depth Perception/Color Vision................. | ☐ | ☐ | ☐ | ☒ |
| Z. Operating Motorized Vehicles.................. | ☐ | ☐ | ☒ | ☐ |

Please indicate if this is a DOT or Non-DOT

Check all that apply:  ☒ Forklift/Powered Industrial Truck

☐ Golf Cart          ☐ Car          ☐ Crane

AA. Operating Machinery/Equipment........................     ☐     ☒

2. Personal protective equipment this job requires: <u>Safety Glasses, Steel Toe Shoes, Hi-Vis Clothing and Ear Protection</u>

3. Brief description of the work environment (warehouse, dusty, etc.) <u>Warehouse is an enclosed area without a controlled temperature. Production Apprentice job assignments consist of operating a Power Industrial Truck (PIT) several hours a shift.</u>

4. Special skills and/or education required for this position: <u>No special skills are required. High School Diploma or GED required</u>

5. Describe the cognitive requirements of the job (e.g. multitasking, etc): <u>Employee are required to muti task</u>

7. If available, please attach a job description as used by HR or in personnel/hiring purposes.

| _Don Jones_ | 1/23/2020 | 903 791-1483 |
|---|---|---|
| Completed by | Date | Human Resources Contact Number |



**DEPARTMENT OF VETERANS AFFAIRS**
Overton Brooks Medical Center
510 East Stoner Avenue
Shreveport LA 71101-4295

In Reply Refer To:

DATE: 01/29/2020          TIME: 12-05 PM

Ms SHAMIKA ALLEN _____ was seen in the Urology Clinic today and was medically advised to:

( ✓ ) return to regular activities of living; work or school ;

( ) limit activities of living, work or school until _____ limitations are _____

( ) return to clinic _____

*PATIENT IS GETTING AN ABDOMINAL CORSET TODAY TO PROTECT HER INCISION. SHOULD BE ABLE TO PERFORM DUTIE AS REQUIRED*

Signed: _____ , ( ✓ ) M.D.; ( ) P.A.; ( ) N.P.

Printed Name: Dr. TAJ FAZILI



## Graphic Packaging
### INTERNATIONAL

**Complaint No.** (To be filled in by HR Dept.)

---

Step I

<u>March 25, 2020</u>                                    <u>Warehouse</u>

Date Complaint Submitted                    Progression Division Involved

<u>Shamika Allen Moore</u>    <u>3487</u>       <u>PT</u>          <u>USW 1148</u>

Aggrieved Employee(s)     I.D. Number    Classification    Union & Local Number

VIOLATION OF CONTRACT: SECTION                    PARAGRAPH(S)

STATEMENT OF COMPLAINT *(What is complained of, why, and settlement requested)*

On or about January, 2020 the Company informed Shamika Allen that she was unable to perform the physical demands of her job. However, Shamika never formally stated or has every been recorded saying that due to her physical limitations that this was so. It was decided by the company to send Shamika home without having any definitive statement from a physician supporting that claim. Moreover on or about March, 2021 the company provided accommodations for another employee in a similar situation. The employee was allowed to switch jobs with another

<u>Jacqueline Boyce</u>

Signature – Aggrieved Employee(s) and/or Union Steward

---

**STEP I ANSWER**                    Time Extended to _____    Meeting Held_____

Settlement Satisfactory    Yes _____ No _____    _____    _____

                                                                    Supervisor Signature            Date

Time Lapsed – Case Closed _____ Withdrawn _____    _____    _____

                                    Date                    Date            Signature – Union Rep.    Date

---

employee, thereby circumventing the difficult task that would expose his limitations. Shamika was not giving this opportunity. The union request that Shamika be made whole to any and all entitlements.    Chris Lyles VP extruder will  be handling this grievance

**Exhibit 2**



**Graphic Packaging**
INTERNATIONAL

Complaint No. (To be filled in by HR Dept.)

Step I

Date Complaint Submitted | Progression Division Involved

Samitha Allen   395
Aggrieved Employee(s) | I.D. Number | Classification | Union & Local Number

VIOLATION OF CONTRACT: SECTION

PARAGRAPH(S)

STATEMENT OF COMPLAINT (*What is complained of, why, and settlement requested*):

Section 3 - Rights of the Parties

1). The Parties signatory to this Agreement shall not discriminate against any Employee because of race Color sex religion nation origin. A handicapped condition veteran status or to the extent required by law, age. The Parties agree to take whatever action is necessary to comply with the Americans with Disabilities Act ~~for not disabilities is disabilities through~~ ~~others programs~~.

3. Union Job Security

1. The decision whether to be represented or not represented is the Employees to make.

A. Both parties intend to take a position of honesty

and honesty in the matter providing accurate and timely information legitimately bearing on the employee's decision. B. Both parties will work to create an atmosphere free of coercion an intimidation Neither party will threaten, interrogate, retaliate against any employee or make false accusation/ Statements.

Signature – Aggrieved Employee(s) and/or Union Steward

7. Joint Efforts

B Contribute to and promote greater cooperation between labor and management; and

C Assist company and union in solving problems of mutual concern that are not susceptible to resolution through collective bargaining.

The unfair treatment and Safety concerns is the issue at hand. Safety first has been the main talk since day 1, and I just would like fair treatment.

**Exhibit 1**

replacement then you are crypt keeper old!!

3w    Like    Reply        1



**Alasdair Drake**
Damn bro.... no means no. I hope you learned your lesson

3w    Like    Reply        1

**Bryan Loper**
Get that thing fixed up bro, you have been in pain way to long. Take your time and heal right. Call if you need anything...

Trainer

3w    Like    Reply        1

**Jeff Hays**
Get your surgery and get better

3w    Like    Reply        1

**Todd Jones**
Sorry to hear this. I know you have been in pain a long time. Get it fixed fast. We leave for Moab in July. Be a great place for rehab a new hip. 😄. Get well soon my Friend

3w    Like    Reply

**Wes Neff**

So yah that is what a non existent hip looks like oh and it's mine. So off work until further notice and it's fixed. !

MAY 22 AT 11:54 AM

22 Comments

# Exhibit 5

**2:08** 

  

Oj Hr

iMessage
Feb 11, 2020, 7:04 AM

Hi Shamika I forgot to call you before leaving yesterday so I apologize. Your paperwork is being reviewed by a company dr just to make sure we don't misinterpret and I'm hoping to have it back today. Once I do get it back I will set up a meeting with you to go over everything.

Who is this? If you mind me asking..

Sorry this is OJ

Company dr? What's wrong now?

Oh nothing is wrong, it's the process we follow to make sure we don't misinterpret what has been documented by your dr.

Wow okay!

I have a question!

Since dr don't have me off the company does will I be compensated for my time missed from work?

**2:09**



  

Oj Hr

I'm not sure. You're the first case I've dealt with regarding something like this so I would have to ask to be certain.

> Okay!

> Could you email me a copy of the last paperwork my dr.

> Nyasia87.sa14@gmail.com

Ok

Feb 11, 2020, 2:21 PM

> Anything yet?

> I tried calling your office to leave a message it's says don't leave a message your on leave.

Feb 11, 2020, 4:26 PM

Hey sorry I've been away from my desk for a while and I need to get someone to fix this phone message. No I haven't received anything yet.

> Ugghh okay this is crazy..

Feb 13, 2020, 4:01 PM

2:10

**Oj Hr**

Okay.

Could you email me a copy of the last paperwork my dr

Nyasia87.sa14@gmail.com

Ok

Feb 11, 2020, 2:21 PM

Anything yet?

I tried calling your office to leave a message it's says don't leave a message your on leave.

Feb 11, 2020, 4:26 PM

**Hey sorry I've been away from my desk for a while and I need to get someone to fix this phone message. No I haven't received anything yet.**

Ugghh okay this is crazy..

Feb 13, 2020, 4:01 PM

**1pm tomorrow is when we will meet. Either Chris or I will get you from the lobby.**


Okay great

# Graphic Packaging International
## Texarkana Mill
### Human Resources
Opportunity Employer M/V/F/D

FAX TO:    ~~ATTN: Dr. Mary Mbonu~~          Date:  February 3, 2020
           ~~Fax #: 405-456-7657~~  (318)990 ~~4256~~
           *See Attention Lindsy*  4726

# Pages:    5 (including this cover)

FAX FROM:  OJ Johnson              cc:

SUBJECT:   Shamika Allen

Although Ms. Allen has been released to work we need more specific details regarding her
ability to perform her job with the back brace accommodation.  Please return the
completed form as soon as possible; Ms. Allen cannot return to work until we have it.

Your prompt attention is appreciated.  If you have any questions, please contact me.

OJ Johnson
HR Generalist
Phone:  903-796-1467
Fax:  770-240-6348

2020-02-07 15:08 CST    Shamika Allen                                    +14304327496



Please review the attached job description and describe what essential job function(s) is affected by the individual's disability, and to what degree is the individual's performance of the essential function(s) limited? *Refer to Section I above or any attached job description for a list of the essential job functions.*

| Essential Functions Affected | Degree of Limitation |
|---|---|
| No functions are affected. | No limitation |
| - She has no restrictions | 0 limitations |
| | |

What, if any, accommodations will allow the individual to fully perform each essential function affected by his or her impairment? Please be specific and describe all possible accommodations. Potential accommodations may include modified work schedules, modification of work tools or equipment, a leave of absence, or elimination of non-essential job functions.

She can wear a back brace to feel comfortable

Accommodations that permit the employee to return to work immediately are preferred, but if a leave of absence is recommended, please provide the date you expect the employee to be able to return to work, with or without a non-leave-related accommodation. If you cannot predict with the employee can return to work, please explain why you are unable to do so.

She doesn't require a leave of absence

Are there any work activities or situations that should be avoided or that would present a significant risk of serious injury or death for the employee/patient?

None. She can work without restriction to her full capacity.

## HEALTHCARE PROVIDER'S CERTIFICATION

By signing below, I certify that the answers provided in response to the above questions are based on my own personal knowledge of the relevant medical facts from my own examination of the patient/employee or based upon my review of relevant medical documentation, and my answers represent my professional medical opinion.

Healthcare Provider's Signature: _____    Date: 2/7/20

Provider's Specialty or Type of Practice: Urology

Provider's Telephone Number and Fax Number: 318 228 8411    F: 318 990 4726



Please review the attached job description and describe what essential job function(s) is affected by the individual's disability, and to what degree is the individual's performance of the essential function(s) limited? *Refer to Section I above or any attached job description for a list of the essential job functions.*

| Essential Functions Affected | Degree of Limitation |
|---|---|
| NO | / |
| | |
| | |

What, if any, accommodations will allow the individual to fully perform each essential function affected by his or her impairment? Please be specific and describe all possible accommodations. Potential accommodations may include modified work schedules, modification of work tools or equipment, a leave of absence, or elimination of non-essential job functions.

Veteran has been provided back brace.

Accommodations that permit the employee to return to work immediately are preferred, but if a leave of absence is recommended, please provide the date you expect the employee to be able to return to work, with or without a non-leave-related accommodation. If you cannot predict with the employee can return to work, please explain why you are unable to do so.

Vet can return to work duties as of 01/31/2020

Are there any work activities or situations that should be avoided or that would present a significant risk of serious injury or death for the employee/patient?

No

## HEALTHCARE PROVIDER'S CERTIFICATION

By signing below, I certify that the answers provided in response to the above questions are based on my own personal knowledge of the relevant medical facts from my own examination of the patient/employee or based upon my review of the relevant medical documentation, and my answers represent my professional medical opinion.

Healthcare Provider's Signature: _____ Date: 1/30/2020

Provider's Specialty or Type of Practice: FM (Family Medicine)

Provider's Telephone Number and Fax Number: 270-779-2714

405-456-7657 fax

31 Dec 2021

To Whom It May Concern:

On or about Feb 3, 2020, a meeting was held with Ms. Shamika Allen to discuss her return to work. She had been out of work due to a medical condition that prevented her from performing her daily duties. During this time, I was the HR Generalist responsible for employee actions of employees assigned to her department so I attended the meeting along with my supervisor Ms. Vanessa Schoen. Ms. Allen was informed during the meeting that she would not be allowed to return to work if she required support from a medical device i.e. brace to assist her. The policy in the mill was no employee could work with any medical support device such as a brace, crutches etc therefore employees would need to be able to perform their duties without this support assistance. Ms. Allen was also told that a GPI physician would be consulted for a second opinion regarding her medical documents provided by her physician to ascertain her ability to return to work was valid.

OJ JOHNSON
Chief, Mission Support Branch
Department of the Army Civilian



**Statement**
1 message

---

**Johnson, OJ CIV USARMY 411 CSB (USA) <oj.j.johnson.civ@army.mil>**                     Mon, Jan 3, 2022 at 1:59 AM
To: jeffery.moore7376@gmail.com <jeffery.moore7376@gmail.com>

---

Sorry for the delay man.

v/r

OJ Johnson

Chief, Mission Support Branch/S1 Operations

411th Contracting Support Brigade

CP Humphreys Korea

DSN: 315-755-3334 Commercial: 011-0503-355-3334

Mobile: 010-8525-3898

Email: oj.j.johnson.civ@army.mil

"How are we doing? Please let us know how to better serve you"

https://ice.disa.mil/index.cfm?fa=card&sp=143052&s=209&dep=*DoD&sc=14

*This transmission and/or the documents accompanying it may contain*

*procurement sensitive information subject to the Procurement Integrity Act.*

*The information is intended For Official Government Use Only. If you are not*

*the intended recipient, you are hereby notified that any disclosure,*

*copying, distribution or the taking of any action taken to share the*

*contents of this information is strictly prohibited by federal law. If you*

*have received this transmission in error, please notify this office*

*immediately by telephone or arrange the return of documents.*



Graphic Packaging
INTERNATIONAL

9978 FM Road 3129
Queen City, TX 75572
Telephone: (903)796-1467
Fax: (770)240-6348

February 14, 2020

Shamika Allen
704 Howard St
Queen City, TX 75572

Shamika,

On Monday, February 3, 2020, we met with you to discuss the medical documentation provided by your physician and to assess your ability to return to work. Vanessa Schoen, Human Resources Supervisor, Mike Moore, USW 1148 President, and Chris Lyles, USW 1148 Vice President-Extruders, and I were present. Based on the information provided by the doctor and your understanding of her direction, we were required to provide additional paperwork to your physician to clarify any restrictions. We received paperwork completed by Dr. Ernest Tong on February 10, indicating you were able to perform the essential functions of your job without restrictions. Vanessa Schoen, Chris Lyles, Troy Ashmore, and I, met with you today and you confirmed you were able to perform the core functions of your job in the Finishing & Shipping department.

If this changes, let me know immediately.

Sincerely,

OJ Johnson
HR Generalist

cc:     Personnel file
        Mike Moore
        Chris Lyles
        USW 1148



Graphis Packaging International and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union and its Local 1148 agree that the below referenced grievances) have been given a mutually agreed upon disposition. In instances where the grievance(s) have been considered to having full and final resolution, the Parties agree that the grievance(s) or this Agreement will not be referred to, introduced, or in any other way utilized in any subsequent grievance settlements, negotiations, arbitrations, litigations, or other administrative hearings, except in cases where the enforcement of the provisions and terms of this Agreement are necessary. Furthermore, the Parties agree that this Agreement is not to be cited as establishing any type of precedent or past practice for future settlements.

**Grievance #:** GPI 21-021
**Grievant:** Shamekia Allen
**Grievance Date:** March 25, 2021
**Date of Occurrence:** March 2021
**Step 1 Answer Date:** June 8, 2021

## Union's Position

The Union contended that the Company made accommodations to an employee who claimed to have a condition that prevented him from performing his assigned tasks, however the Company failed to provide the same opportunity to Grievant who was in a similar situation in January 2020.

## Company Answer

The Company maintains it handled the two (2) situations with its employees properly. The situation regarding the Grievant involved her being unable to perform her assigned tasks due to her claiming she had medical issues. The Company required the Grievant to provided it with documentation from her attending physician to support her alleged claim. She was sent out of the plant by Human Resources to provide such documentation.

The situation in March 2021 involved an employee who notified his Supervisor that he was having medical issues which he stated hampered him from performing his role. Out of caution, the Supervisor reassigned the employee for the remainder of the night shift.

The following morning the Supervisor notified Human Resources of the employee's situation. Human Resources informed the Supervisor that the employee was required to perform his assigned tasks in the established rotation. Human Resources notified the Supervisor that if the employee had medical issues that prevented him from performing his rotational tasks, he would need to provide the necessary medical documentation from his attending physician supporting his claim. Human Resources further advised the Supervisor that if the employee was unable to perform his assigned tasks, he would need to go on a disability leave to address his medical conditions. As a result, the employee was assigned his rotational tasks.



The Company did not violate any provision of the Collective Bargaining Agreement no did it treat its employees differently in regard to a similar situation.

Based on the facts of the case, the charges contained in the instant grievance are found to be without merit, and the demands are therefore, respectfully denied.

David Duford
Human Resources Manager
Graphic Packaging International
Texarkana Mill

_____          _____
       Union Representative                              Date

_____          _____
    Human Resources Manager                          Date